Filed 5/29/13  Boone v. Simpson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| STEPHANIE J. BOONE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KERRY LEE SIMPSON,<br><br>    Defendant and Appellant. | D061675<br><br><br>(Super. Ct. No. DVN19495) |

APPEAL from an order of the Superior Court of San Diego County, Martin W. Staven, Judge.  Reversed and remanded with directions.

Law Offices of Tina Abernethy and Tina Marie Abernethy for Defendant and Appellant.

Stephanie J. Boone, in pro. per., for Plaintiff and Respondent.

Kerry Lee Simpson appeals from a domestic violence prevention restraining order issued against him for the protection of his former girlfriend, Stephanie J. Boone, and her two children.  He contends that the trial court erred in denying his request for a

continuance of the hearing on Boone's request for a restraining order because he was entitled to an automatic continuance under Family Code[1] section 243, subdivision (d). He also contends that the court abused its discretion in issuing the restraining order. We agree that Simpson was entitled to an automatic continuance under section 243 and, accordingly, remand the matter for a new hearing on Boone's request for a restraining order.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2012, Boone filed a request for a domestic violence restraining order against Simpson in which she stated that Simpson had been relentlessly calling, texting, and e-mailing her, demanding to know details about her current relationship with her fiancé. She stated that Simpson threatened to come to her home in person if she did not answer his calls, and threatened to beat up her fiancé. She and her children feared that Simpson would follow through on his threats. On February 8, 2012, the court issued a temporary restraining order (TRO), and on February 22, Simpson was personally served with the TRO, Boone's request for a restraining order, and notice of hearing on the request.

Simpson appeared in pro. per. at the hearing on Boone's request for a restraining order, which was held on March 1, 2012. The court asked Simpson if he had filed a response to the request and he replied that he had not. He told the court that he had suffered a stroke and had problems remembering things, that he did not have access to a

---

[1]      All subsequent statutory references are to the Family Code.

2

computer, and that he had not been able to find the forms to prepare a response. He asked the court to leave the TRO in place and grant him an "extension" so that he could prepare his response. The court denied Simpson's "motion to continue," noting that Simpson had been served with Boone's papers eight days before the hearing. The court stated that "eight days . . . seems like plenty of time to get some sort of response." After hearing testimony from both parties, the court issued a restraining order with an expiration date of February 28, 2017.

DISCUSSION

Simpson correctly contends that he was entitled to an automatic continuance under section 243, subdivision (d). Section 243, subdivision (b) provides that if a petition for a protective order "has been filed, the respondent shall be personally served with a copy of the petition, the [TRO], if any, and the notice of hearing on the petition. Service shall be made at least five days before the hearing." Section 243, subdivision (d) provides: "If service is made under subdivision (b), the respondent may file a response that explains or denies the allegations in the petition. *The respondent is entitled, as a matter of course, to one continuance for a reasonable period, to respond to the petition for orders*." (Italics added.)

In *Ross v. Figueroa* (2006) 139 Cal.App.4th 856 (*Ross*), the respondent to an application for a domestic violence restraining order, appearing in propria persona, requested a continuance at the outset of the hearing on the application, and the trial court denied the request. (*Id.* at p. 860.) The version of section 243 that was in effect at that time provided that if a TRO had been issued without prior notice to the respondent, as

3

had been done in *Ross*, the respondent was " '*entitled, as [a matter] of course, to one continuance for a reasonable period, to respond to the application for the order.*' " (*Ross, supra,* at p. 862, fn. 5, italics added by *Ross* court.) The *Ross* court held that the trial court "simply lacked the discretion to deny [respondent] the continuance he requested because he was entitled to it as a matter of right under the terms of section 243 . . . ." (*Id.* at p. 864.)

In reaching this conclusion, the *Ross* court noted that "litigants [in domestic violence proceedings], both plaintiffs and defendants, are unrepresented by counsel in the vast majority of cases . . . . We . . . know this fact influences how these hearings should be conducted—with the judge necessarily expected to play a far more active role in developing the facts, before then making the decision whether or not to issue the requested permanent protective order. In such a hearing, the judge cannot rely on the litigants to know each of the procedural steps, to raise objections, to ask all the relevant questions of witnesses, and to otherwise protect their due process rights." (*Ross, supra,* 139 Cal.App.4th at p. 861, fns. omitted.) The *Ross* court acknowledged that the respondent was unaware of his entitlement to a continuance under section 243 at the time he requested a continuance, but stated: "Especially in a forum which in practice must largely function without lawyers and where the judge, as a result, is expected to play an active role in protecting the rights of the parties, we are loathe to conjure a waiver or forfeiture of [respondent's] statutory entitlement to a continuance from his failure to argue those grounds when seeking a continuance at the hearing. If the trial court was aware of [respondent's] right to a continuance, it was duty bound to rule accordingly

4

when a continuance was requested. If the court was not aware of this right, that may be unfortunate but certainly not a sufficient ground to affirm a clearly erroneous ruling." (*Ross, supra,* at pp. 864-865.)

Unlike the former version of section 243, which provided that a respondent to an application for a restraining order was entitled to a continuance only when the TRO was issued without prior notice to the respondent (*Ross, supra,* 139 Cal.App.4th at pp. 861-862), the current version of section 243 does not differentiate between a TRO issued with notice and one issued without notice. Instead, the current version provides that if a respondent has been served under subdivision (b) with a petition for a restraining order, he or she "is entitled, as a matter of course, to one continuance for a reasonable period, to respond to the petition . . . ." (§ 243, subd. (d).) Thus, a respondent to an application for a restraining order is now entitled to one automatic continuance regardless of whether he or she was given prior notice of a TRO issued on the application.[2]

Although trial courts generally have broad discretion in deciding whether to grant a request for a continuance (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395, the mandatory continuance provision of Family Code section 243, subdivision (d), divests the trial court of its usually broad discretion. (*Ross, supra,* 139 Cal.App.4th at p. 864.) Accordingly, the trial court erred in denying Simpson's request for a continuance. In light of our determination that Simpson is entitled to additional

---

[2]   It appears that Simpson also would have been entitled to a continuance under former section 243 as applied in *Ross,* if it were still in effect, because the record indicates that he received notice of the TRO when it was served on him on February 22, 2012, two weeks after it was issued on February 8, 2012.

time to prepare a response to Boone's application for a restraining order, we do not reach Simpson's argument that the court abused its discretion in issuing the restraining order.

DISPOSITION

The restraining order entered on March 1, 2012 is reversed and the cause is remanded to the trial court with instructions to hold a new hearing on Boone's request for a restraining order within 30 days after issuance of this court's remittitur. The temporary restraining order entered on February 8, 2012 is reinstated upon issuance of the remittitur and shall remain in effect until the conclusion of the new hearing or 30 days after the issuance of the remittitur if there is no new hearing. If the court determines at a new hearing that there are proper grounds for a continued restraining order, it may issue a restraining order for the original term, which expires on February 28, 2017, or for a shorter period of time. In light of the fact that Boone did not file a respondent's brief, Simpson shall bear his own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____
AARON, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
HALLER, J.

6